FILED
SUPERIOR COURT
OF GUAM

2012 JUN -6 AM 11: 33

CLERK OF COURT

BY_____

**IN THE SUPERIOR COURT OF GUAM**

DEREK PELLETIER,

Plaintiff,

vs.

WARREN PELLETIER,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO. CV1562-07**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came before the HONORABLE VERNON P. PEREZ on November 14, 2011 at bench trial. Attorney Vincent Leon Guerrero appeared representing Plaintiff Derek Pelletier. Attorney James Maher appeared representing Defendant Warren Pelletier. Attorney William Pesch appeared representing the third party administrator of the Trust at issue, Stanley C. Wilson. Having reviewed the pleadings and the arguments presented, the Court now issues the following Findings of Fact and Conclusions of Law. As the parties share a common surname each will be identified herein by their litigation position rather than by proper name.

**FINDINGS OF FACT**

1. This litigation concerns the administration of the Mary E. Pelletier Trust (hereafter "Trust"). Mary Pelletier passed away on December 24, 2005.

2. Both parties are beneficiaries of the Trust as well as Trustees. There is also a third beneficiary, Stefan Pelletier. Both parties have accused each other of repeated abuse and malfeasance in administering the Trust, and seek to have each other removed.

3. The Plaintiff filed a complaint on December 28, 2007 alleging that the Defendant had violated several of his obligations as a Trustee and failed to seek Plaintiff's concurrence on several matters of Trust business. *See* Complaint. The Plaintiff requested that Defendant be removed as Co-trustee, be brought to account for funds allegedly taken from the Trust illegally and pay fees associated with suit. *See* Complaint. Attached to the complaint was a copy of the Trust Agreement

(hereinafter "Agreement") establishing the Trust and signed by the settlor of the trust, Mary Pelletier.

4. On January 28, 2008, Defendant filed both his answer and a series of counter-claims against the Plaintiff. Plaintiff filed his answer to the counterclaims on February 2, 2008.

5. The Trust has approximately $350,000.00 in cash, some jewelry, fee simple ownership of two lots in Yigo, three lots in Malojloj and two lots in Sinajana and leasehold ownership of Denny's Dededo lot (Taco Bell) and the Blue Lagoon lot in Tumon. Plaintiff's Exhibit 6; *See* Trial Transcript.

6. The Trust is a lessor to McDonalds in Agana, Blue Lagoon in Tumon, Denny's Guam in Dededo and Eons Corporation. All leases expire after the termination date of the Trust.

7. Plaintiff currently lives in Louisiana and is unemployed. He lives on worker's compensation payments. Plaintiff will return to Guam after his payments cease.

8. Defendant is resident of Guam.

9. Stefan Pelletier resides on Guam but spends significant time in the Philippines undergoing medical treatment.

10. After Mary Pelletier's death, Defendant attempted to terminate Stefan Pelletier as Co-trustee for failing to turn death benefits over to Trust. Both Parties turned over their death benefit to the Trust, but both Parties withdrew their death benefit from the Trust after Stefan Pelletier refused to deposit his death benefit.

11. At some point, Defendant took Stefan Pelletier's truck without Stefan's consent.

12. Stefan Pelletier agrees with Plaintiff's handling of the Trust.

13. Plaintiff and Defendant agreed to use Trust funds to purchase Lot 21, Block 16, Dededo (hereinafter "Lot 21"). That property was purchased with the intent to reflect a 50% interest ownership by the Trust, but ownership of Lot 21 is in Defendant's name alone. Plaintiff's Exh. 5. Defendant issued Trust Check No.118 in the amount of $60,000.00 on March 6, 2006 for the purchase of Lot 21. Plaintiff's Exh. 3.

14. Plaintiff received a loan for $6,000.00 from the Trust.

15. Plaintiff desires to be sole Trustee.

## CONCLUSIONS OF LAW

16. In this case, the language of the Agreement controls.

17. **Amendment of Pleadings**

Amendment of the pleadings to conform to the evidence may be allowed at or after trial under 15 GRCP Rule 15(b). Plaintiff's request to amend the pleadings to conform to the evidence is granted. Here, evidence was elicited concerning the control of the Trust and the Court finds that amendment is proper.

18. **Stefan Pelletier**

Stefan Pelletier was a dependent of Mary Pelletier at the time of her death and he shall remain rent free living at the Yigo house under the operation of §5.1.6.1 of the Agreement. Stefan Pelletier requested from this Court and was granted early disbursement in the amount of $13,500.00 on February 26, 2012. That amount shall be reflected in any future determination of distribution as all Beneficiaries are equal under the Trust.

19. **Removal of Defendant as Trustee; Plaintiff's Complaint**

**A. Opening and Closing of Accounts**

Plaintiff alleges that the Trust had several accounts in various financial institutions. Defendant unilaterally opened and closed bank accounts without the consent of Plaintiff as the Co-trustee. Plaintiff later quotes Title 18 Guam Code Annotated § 66302 which states: "where there are several Co-trustees, all must unite in any act to bind the Trust property, unless the declaration of Trust otherwise provides." Defendant argues that he notified Plaintiff of his actions, thus, the opening and closing of the accounts would not be improper. Further, Defendant argues that such conduct is specifically permitted by the language of the Agreement and it does not require a Trustee to obtain the consent of the Co-trustee to open a bank account under § 5.1.3. Yet, § 5.9 requires that the decision to grant such an opening belongs to the

other Trustee where the Trust property or Trust income increases the Individual Trustee's gross income or estate such that it requires disclosure on filing federal taxes.

Plaintiff, in making this argument, seems to ignore the terms of the Agreement. § 5.8 provides Trustees with broad discretion in exercising powers conferred upon them under the power to "open and maintain checking, savings and other accounts in any bank, savings and loan, credit union or other financial institution."[1] The Agreement also allows each Trustee to "do any act or transact any business authorized by this agreement even if the situation may be one of 'conflict of interest', provided full disclosure is made to the living beneficiaries of the particular Trust involved in such action or the guardians thereof." § 5.1.8.

Applying these clauses to this particular allegation by the Plaintiff, as the Defendant (in the scope of this allegation) is not alleged to have removed funds from the Trust's overall holdings, but merely "opened and closed" several individual bank accounts, § 5.9 of the Agreement is not implicated. The "opening and closing" would therefore be a permissible action by a Trustee. Defendant correctly argues that he is not required to obtain the consent of the Co-trustee to open a bank account." Defendant is not in violation of the Agreement or his duties of Trustee as it applies to the opening and closing of bank accounts.

## B. Dededo Property

It is undisputed that at some point in 2006 Defendant purchased a Dededo lot (Lot 21, Block 16, Dededo) from a third party using $60,000 of his own money and $60,000 of money withdrawn from the Trust. At the present time, Defendant is the sole owner of the lot. Defendant maintains that his purchase of the lot in his name

[1] The Court notes that while this provision does not explicitly include *closing* accounts as is alleged here, Section 5.1 of the Agreement ("Powers") states that the powers conveyed by the Agreement "shall be liberally construed." The act of closing an empty bank account would further have the effect of limiting the Trust's liability to further banking fees from the relevant financial institution. See Agreement § 5.1.4 (minimizing expenses of the Trust)

was temporary until the Trust paid back Defendant and the title would be transferred to be solely the Trust's property.

§ 5.1.2 and § 5.1.11 appear to allow Trustees to loan Trust monies to other legal entities upon terms approved by the relevant Trustee. § 5.1.2. The making of such a loan would appear to be permissible. However, as such a loan results "in the inclusion of the Trust property in [Defendant's] gross estate for federal tax purposes," under Section 5.9 then "loan" to Defendant must have been "approved" by Plaintiff in order to be proper under the Agreement. The question then is not whether such a loan could be made, but rather did Plaintiff approve the "loan proposal" before it was executed.

Defendant argues that there was no agreement that the property be held in the Trust's name alone. The Court concludes that Plaintiff approved the loan but approved on the grounds that Defendant maintain co-ownership with the Trust. The fact that to this day Defendant retains title alone to Lot 21 concerns the Court. Defendant remains bound to transfer the title to the Trust upon a payment by the Trust to him of a $60,000. Alternatively, should Defendant continue to retain title to the property, he would be indebted to the trust in the amount of $60,000. The Court believes that title should be joint and upon complete satisfaction of either the Trust's $60,000.00 or Defendant's $60,000.00, then title could be solely Defendant's or belong to the Trust. The Court is confident based on the preponderance of evidence that Defendant failed in his obligations as to Lot 21. However, the Court does not doubt Defendant's intentions to benefit the Trust.

## C. $35,000.00 Inheritance Payment

Plaintiff states that Defendant caused to be issued a check in the amount of $35,000.00 payable to Defendant from the Trust. Defendant did not inform Stefan Pelletier of the withdrawal. In response, Defendant argues that his withdrawal of the $35,000.00 was in fact proper, that the withdrawal was authorized by the Plaintiff. The Court finds that Defendant failed to disclose to all beneficiaries a transaction that

consists of a conflict of interest as required by § 5.1.8. Clearly, the transaction just mentioned was a conflict of interest. Notice of such a transaction must be given to all beneficiaries of the Trust. The evidence indicates that Stefan Pelletier was not noticed of the transaction and no evidence showed that he approved said transaction. Once again, Defendant failed to comply with the obligations and duties created when he became Trustee. The Court does acknowledge that Defendant only removed the inheritance payment once in the Trust because permission was given by Plaintiff and Stefan Pelletier failed to deposit his inheritance. Yet, the law does not differentiate on intent as the Agreement is clear on the matter. Stefan Pelletier was not notified impliedly or actually that Defendant intended to remove $35,000.00 from the Trust even if Defendant's intentions were to make the withdrawal with notions of fairness in mind and in hopes of even distribution.

**D. Locking of Family Home**

The Court finds that Defendant locked Mary Pelletier's home in an effort to prevent Plaintiff from entering the home. Defendant changed the locks to the parents' home in an attempt to restrict Plaintiff's access. Defendant states that his decision to change the locks was based on a previous tenant's decision to move out of the house, well prior to any attempt by the Plaintiff to enter the home. Defendant claims that the lock out was for security purposes and not to prevent Plaintiff from entering the home or accessing Trust Property. Trustees maintain an on-going duty to maintain property owned by the Trust. *See Coast Indian Community v. U.S.* 550 F.2d 639, 653 (1977) ("A trustee is under a duty to exercise due care and prudence to preserve the trust property. As the Plaintiff has up to this point failed to present any evidence to support either: (1) his assertion that the changing of the locks was done with some impermissible purpose, or (2) his legal argument that such a violation would be grounds for removing the Defendant as Trustee of the Trust, the Court finds that Defendant was reasonable as he performed his duties lawfully as to the issue of blocking access to the family home.

## E. Vehicle

Defendant allegedly committed criminal acts including taking Stefan Pelletier's personal vehicle while Stefan was off island. Stefan Pelletier testified that Defendant stole Stefan Pelletier's truck. Money from the sale of the truck was deposited into one of the Trust's bank accounts. This allegation, true or not, indicates the lack of trust amongst the beneficiaries. It is axiomatic that a criminal indictment is not evidence of guilt. Yet, the issue creating the scenario in which the truck was taken, sold or otherwise indicates the need to have an independent set of Trustees or terminate the Trust entirely. The Court will not rule on the legality of Defendant's actions regarding the truck as this case is a civil matter.

## 20. Plaintiff's Removal as Trustee: Defendant's Counter Claim

### A. Life Insurance Premiums

The Court concludes that Plaintiff used Trust funds to pay insurance premiums for his personal benefit without proper approval or at least notification to all beneficiaries. Those insurance premiums paid out between 2006 and 2011 decreased the Trust property value significantly. § 5.8 of the Agreement provides that "any discretion granted to the trustee shall be absolute and uncontrolled. Thus, if another provision provides Plaintiff with ability to use Trust funds to pay insurance premiums then Plaintiff's discretion should be absolute and uncontrolled.

§ 5.1.12 provides that Trustee shall have the discretion to "purchase and own policies of insurance on the life of a Settlor, and any beneficiary of any trust created herein". On its face, Plaintiff appears to have uncontrolled discretion to own and use Trust funds to maintain the insurance premiums at issue in Defendant's counterclaim. Yet, Plaintiff did not notify Defendant of the Trust funds being used to pay life

insurance premiums as required by the Agreement.[2] Plaintiff's mismanagement of the Trust and violations of the duties of loyalty under the Trust provisions also causes alarm for the Court. The Court must remove Plaintiff as Trustee for his failings to appeal to the discretion of the other Trustee when increasing his personal estate.

## B. $6,000 Loan

The Court concludes that Plaintiff took out a loan from the Trust and did not repay to the Trust the full amount. § 5.9 provides that if the

> "exercise of any power by any individual Trustee would result in the inclusion of the Trust income in the individual Trustee's gross income...or if the possession or exercise of any power of the individual Trustee would cause the inclusion of Trust property in such Individual Trustee's estate,... then such power shall be exercised by the other Trustee of the Trust".

Therefore, Plaintiff violated his duties under the Trust by not first obtaining approval from the other Trustee, which was Defendant. Plaintiff did not disclose an action that increased his estate or wait for exercise of power of the other Trustee. Plaintiff still owes the Trust the $6,000.00.

## C. Backdating Trust Allotment

The Court does not find any evidence to support the claim that Plaintiff backdated his monthly Trust allotment in order to receive it early. Even if Plaintiff did perform such backdating, the Court is not certain that backdating monthly installments of what is properly owed to Plaintiff is against the provisions of the Trust. The Court finds no violation of Plaintiff's duties or under the law on the issue of backdating two allotment checks. If found to be true and in violation of the Agreement, Plaintiff would owe the interest accrued for two months which this Court finds to be diminimus. The issue of notice as discussed above applies here as well.

---

[2] § 5.9 provides that if the "exercise of any power by any Individual Trustee would result in the inclusion of the Trust income in the individual Trustee's gross income...or if the possession or exercise of any power of the Individual Trustee would cause the inclusion of Trust property in such Individual Trustee's estate,... then such power shall be exercised by the other Trustee of the Trust.

Plaintiff failed to notify all beneficiaries or the Co-trustee that he would be taking his monthly allotment out early.

**D. Public Disclosure**

The Court agrees with Defendant that § 5.7 of the Trust prevents the disclosure of the Trust document with any court. Yet, the same section provides that an exception applies where disclosure is required by law. Plaintiff could not lawfully, under the Guam Rules Civil Procedure and Evidence, pursue this claim without evidence on the contents of the Agreement before the Court. Therefore, the exception applies and Plaintiff is not in violation of the Agreement on the issue of disclosing the Agreement.

**E. Failed Accounting**

Derek maintained the obligation to provide an annual accounting to the beneficiaries since 2005. He failed to provide an accounting to each beneficiary each year since the Trust was created. Plaintiff claims that Defendant made it impossible for Plaintiff to perform his obligations to provide accountings, but his duties have been breached regardless of the reason and the Court does not find any lawful excuse to performance of his duties.

21. Regardless of whether the Parties violated the provisions of the Trust and duties as Trustees, their inability to work cohesively and provide for the best interest of all beneficiaries could alone warrant their removal. Here, the Court finds ample rationale for the removal of both Parties as Trustees. As to Plaintiff, he is a poor candidate to remain Trustee because he resides in Louisiana and will not return until his unemployment ceases. Warren is a poor candidate to remain Trustee as he appears to behave cavalierly and makes decisions without communicating with the other beneficiaries or Plaintiff regarding Trust decisions. Furthermore, the other beneficiaries do not trust Defendant. The Settlor's intentions in the Trust cannot possibly be carried out under the current circumstances and the Court must intervene.

22. The Court will remove both remaining Trustees and will give the Parties an option. The Court will allow the Parties, which should include the interests of Stefan Pelletier, to choose either the dissolution of the Trust and divvy out equal payments of all Trust property or request the Court install independent Trustees.

23. The administrator appointed by the Court previously is a proper candidate for the appointment if he chooses to accept.

24. Parties will return on **August 3, 2012 @10:00 am** to determine the future of the Trust.

25. The Court Orders the following:

**A. Costs**

Plaintiff has prevailed in this matter, but Plaintiff is not due costs as a matter of course under 7 GCA § 26602 because his complaint is not one for any of the actions provided therein. Under the same rationale, Defendant will not be awarded costs in his counterclaim. Both Parties will be responsible for their own costs and attorney's fees as both the complaint and counterclaim were cases involving the removal of a Trustee which is not a cause of action subject to the costs as a matter of course.

**B. Defendant's Reimbursement**

Defendant must reimburse the Trust with either the $60,000.00 he used to purchase Lot 21 with interest provided for under Guam Law or he can turn over the property to the Trust. Plaintiff may withdraw $13,500.00 in order to ensure equal distribution as this Court approved a $4,500.00 withdrawal each month for three months to Stefan Pelletier.

As to the truck incident, the Court is confident that the outstanding cases relevant to the alleged theft will resolve any remaining conflict.

**C. Plaintiff's Reimbursement**

Plaintiff must reimburse the Trust with the $6,000.00 to pay back the loan he took with the Trust with interest provided for under Guam Law. Defendant may

withdraw $13,500.00 in order to ensure equal distribution as this Court approved a $4,500.00 withdrawal each month for three months to Stefan Pelletier.

As to the insurance premiums, the Agreement allows for life insurance premiums to be paid out of the Trust and the Court will not force Plaintiff to reimburse the Trust regarding those premiums. As to the two backdated monthly allotments, the Court will not require reimbursement of the allotments or interest.

## D. Trustees

Both current Trustees, Warren and Derek Pelletier, are hereby removed as Trustees of the Mary Pelletier Trust. The Parties will come back as Beneficiaries to determine future independent Trustees or to terminate the Trust. The Court will assign a Trustee as a default scenario if the Parties are unable to agree on the future of the Trust.

## E. Accounting

Neither Party shall be responsible for providing any accounting of the Trust as both Parties are not suitable to do such now that they are no longer Trustees. The Court has appointed an independent administrator who can perform such an accounting function.

So **ORDERED** this 6th day of June, 2012.

Original Signed By:
**HON. VERNON P. PEREZ**

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUN 0 6 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam